UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ANDRY TSENG,

                                  Plaintiff,

-against-

NASSAU COUNTY

                                Defendants.
---------------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Plaintiff, ANDRY TSENG, by and through her attorneys, The Law Office of Jonathan A. Tand and Associates, P.C., respectfully alleges upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff ANDRY TSENG (hereinafter "Plaintiff"), a sixty (60) year old Asian female, began her career with Defendant Nassau County (hereinafter "Defendant" or "County") as a Forensic Medical Investigator level I in or around February 2006. Over the course of her employment with the County, Plaintiff proved herself a hard-working, dependable and capable employee. Despite her dedication to her work, however, Plaintiff was subjected to discrimination on the basis of her national origin and gender. By way of example, Plaintiff was purposefully passed over for a promotion for which she was overtly qualified. As a level I Forensic Medical Investigator, Plaintiff had been performing the essential functions of a Forensic Medical Investigator level II for over 100 days before she requested to

1

be promoted to level II. Upon information and belief, Plaintiff was denied this promotion due to her national origin and gender.

2. Defendant's conduct violates all applicable federal, state, and local laws with respect to employment discrimination including but not limited to Title VII of the Civil Rights Act of 1964, and the New York State Human Rights Law (hereinafter "NYSHRL"). Plaintiff has also been denied equal promotion under the law in violation of the New York State and United States Constitutions. As a direct and proximate result in the below unlawful conduct by Defendant, Plaintiff has and/or will suffer(ed) damages as set forth below.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and §§ 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because those claims are so related to the federal claims that they form a part of the same case or controversy between Plaintiff and Defendant.

5. All conditions precedent to filing suit have been fulfilled. On or about August 22, 2016 Plaintiff served a Notice of Claim upon Defendants. Further, the present action is being commenced within one year and ninety days of the subject occurrence.

6. All administrative exhaustion requirements have been met. Plaintiff filed a timely Charge of Discrimination with the U.S. Equal Employment Opportunity

Commission ("EEOC") on or about September 14, 2016, and received a Notice of Right to Sue letter on February 28, 2017.

7. Plaintiff will have commenced this action within 90 days of receipt of her right to sue letter.

## PARTIES

8. Plaintiff ANDRY TSENG is a resident and domiciliary of Nassau County, New York. At all times relevant to this complaint, Plaintiff was an "employee" of Defendant as the term is defined by Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law.

9. Defendant NASSAU COUNTY at all times relevant, was and still is a municipal corporation incorporated under the laws of the State of New York, with its executive offices located at 1550 Franklin Avenue, Mineola, NY, 11501. At all times relevant to this complaint, Defendant was Plaintiff's "employer" as that term is defined by Title VII and the New York State Human Rights Law.

## FACTUAL ALLEGATIONS

10. Plaintiff, Andry Tseng, began working for Defendant Nassau County as a permanent full time Forensic Medical Investigator level 1 (FMI-I) in or about February of 2006. Since that time and continuing to present, Plaintiff has been the only Asian employed in the Forensic Investigation Division.

11. Plaintiff has been employed by Defendant for over ten (10) years.

12. Over the course of Plaintiff's employment, Mrs. Tseng's direct supervisor was Kerry Miner, a Caucasian female, who is a forensic medical investigator level III

3

(FMI-III). Ms. Miner's supervisor is Dr. Tamara Bloom, a Caucasian female, who is the Chief Medical Examiner for Defendant.

13. In or around September 2015, after nearly ten (10) years on the job, Plaintiff had a conversation with Dr. Bloom asking for a promotion to FMI-II. Plaintiff knew Dennis Bullock, a Caucasian male, FMI-II had retired in 2013. He was replaced by two (2) part-time FMI-II employees: Greg Williams, and African American male in his 60's and Russell Czveskus, a Caucasian male in his 40's. Plaintiff also knew that Glenn Wolin, a Caucasian male, FMI-II was retiring in September 2015, and there would be ample room in the budget to accommodate her promotion. He was replaced by two (2) part-time FMI-II employees: Carla Devito, a Caucasian female in her 50's and Jules Lisner, a Caucasian male in his 60's. In fact, Plaintiff trained the four (4) part-time FMI-II employees to do their jobs, even though she was still designated as a FMI-I employee. Despite this, Plaintiff believed she was up for a promotion due to her seniority and because for nine (9) years she had proven herself a hard-working, dependable, and effective employee. However, despite her dedication to her job, Plaintiff never heard back from Dr. Bloom.

14. On or around November 2, 2015, Plaintiff wrote to Dr. Bloom asking, yet again for a promotion. In this letter, Plaintiff made it clear that despite being labeled and paid as a FMI-I she was performing the same exact job functions as other employees titled at FMI-II, to wit: scheduled to work alone on the Midnight shift- no other FMI-I employee was mandated to do so. The other FMI-I employees are: Duke Loremil, an African American male, in his 30's and Jackie Kielty, a

Caucasian female in her early 50's. Plaintiff has seniority over both of these other FMI-I employees, yet she is the only FMI-I employee mandated to work the Midnight shift.

15. Plaintiff had been required to perform all of the functions of a FMI-II while being paid as an FMI-I since 2007, when her coworker Bob Goodman, a Caucasian male in his 50's FMI-II retired.

16. On or around November 4, 2015, Dr. Bloom told Plaintiff that her promotion was "out of her hands" and that her concerns should be directed to her supervisor, Kerry Miner. Upon information and belief, Kerry Miner had no authority to promote Plaintiff or any other employee under her supervision.

17. Plaintiff was confused as to Dr. Bloom's direction because Dr. Bloom was the Chief Medical Examiner of Defendant who was in charge of the entire Forensic Medical Investigator Team. Additionally, Plaintiff was shocked, as this promotion had already been promised to her and many other FMI-II level employees had retired allowing ample room in the budget for her long overdue promotion.

18. Further, on or around December 28, 2015, after Plaintiff's requests for promotion were virtually ignored on multiple occasions, Plaintiff filed for a change in title with the Nassau County Civil Service Commission (hereinafter "the commission").

19. In her application, Plaintiff explained that she was very upset because despite only having the title FMI-I she was being required to train newly hired FMI-II part-time employees. Plaintiff sought a promotion to the FMI-II level but was

denied. Nonetheless, Plaintiff trained part-time employees with the job title she had asked for.

20. Furthermore, in Plaintiff's application for her change in title with the County, she explained that she had been performing the duties of the title FMI-II for over one hundred (100) months, and her immediate supervisor, Kerry Miner (FMI-III), had verbally advised her supervisor, Dr. Bloom, that Plaintiff deserved the new title and was already performing the job duties of the requested title.

21. On or around February 9, 2016, Plaintiff's "Out-of-Title" grievance was sent to an Arbitrator, as per her Collective Bargaining Agreement (hereinafter "Agreement"), between her union, the Civil Service Employees Association (hereinafter "CSEA").

22. Inexblicably, Arbitrator Karl Kampe issued a decision that denied her request for a change of title from FMI-I to an FMI-II and stated: "this review has determined that the duties being performed are appropriate for the present civil service title." Plaintiff was astonished by this decision because she was already performing the full job functions of the requested title change position. As a result, Plaintiff appealed the decision.

23. On or around April 11, 2016, the Commission reviewed and considered Plaintiff's written appeal and denied it. The Commission upheld Arbitrator Kampe's decision noting that the duties being performed by Plaintiff are appropriate for the title FMI-I.

24. Again, Plaintiff was shocked because she was already performing all the duties of an FMI-II but was being denied the title. Furthermore, Plaintiff did not understand

the decision, as her direct supervisor was advocating for her title change because she was already performing the work of the desired title.

25. Despite performing all of the job functions of the position Plaintiff had requested her title be changed to, her request was denied.

## AS AND FOR A FIRST CAUSE OF ACTION
*National Origin Discrimination*

26. Plaintiff repeats and realleges the allegations as if fully stated herein.

27. Based on the foregoing, treating Plaintiff differently than his similarly situated non-Asian co-workers, and subjecting her to the adverse employment actions as well as a hostile work environment on the basis of her nationality, Defendants violated Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law, N.Y. Executive Law § 290 *et seq*.

## AS IN FOR A SECOND CAUSE OF ACTION
*Unlawful Discrimination on the Basis of Plaintiff's Gender*

28. Plaintiff repeats and realleges the allegations as if fully stated herein.

29. Defendant denied Plaintiff an opportunity to be promoted in a way that created a hostile work environment based on her gender that was so severe and pervasive as to affect the terms and conditions of her employment, in violation of Title VII of the Civil Rights Act of 1964, New York Executive Law §§ 290 *et seq.*.

## AS AND FOR A THIRD CAUSE OF ACTION
### (*Equal Protection*)

33. Plaintiff repeats and realleges the allegations as if fully stated herein.

34. Based upon the foregoing, the actions and mistreatment of Plaintiff by all Defendants violate the Equal Protection clause of the 14th Amendment of the United States Constitution, pursuant to 42 U.S.C. §1983, because such acts were taken in accordance with defendants' custom or practice of discriminating and/or selectively treating individuals. These practices were so persistent and widespread that they constitute constructive acquiescence of the policymakers in violation of 42 U.S.C. §1983.

**WHEREFORE**, Plaintiff demands Judgment against Defendants, as follows:

1. Awarding reasonable attorney's fees and costs and disbursements of this action;
2. Damages for significant emotional and psychological stress
3. Punitive Damages
4. Liquidated Damages
5. Nominal Damages
6. Compensatory Damages
7. Any other such relief that the Court deems just and proper.

Dated: May 22, 2017
Garden City, New York

Respectfully Submitted,
Jonathan A. Tand & Associates, P.C.
*Attorneys for Plaintiff*

By: _____
Jonathan A. Tand
990 Stewart Avenue, Suite 225
Garden City, New York 11530
T: (516)393-9151
F: (516) 467-1361

## VERIFICATION

STATE OF NEW YORK )
                 ) ss.:
COUNTY OF NASSAU )

ANDRY TSENG, being duly sworn, states that she has reviewed the foregoing VERIFIED COMPLAINT and that contents of said VERIFIED COMPLAINT are true to her own knowledge, except as to matters therein stated to be alleged upon information and belief and, as to those matters, he believes them to be true.

_____
ANDRY TSENG

Duly sworn to before me this
22 day of May 2017

_____
NOTARY PUBLIC

HOPE SENZER GABOR
Notary Public, State of New York
No. 01GA4843233
Qualified in Nassau County
Commission Expires August 31, 20 17

10